UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| SHEANA IRENE BINETTE, <br><br> Plaintiff, <br><br> v. <br><br> MASON COMPANIES, INC. d/b/a K. JORDAN, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:19-cv-00267 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes SHEANA IRENE BINETTE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MASON COMPANIES, INC. d/b/a K. JORDAN ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 *et seq.*, and the Bankruptcy Discharge Injunction ("Discharge Injunction") pursuant to 11 U.S.C. § 524, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides in Chippewa County, Wisconsin, which lies within the Western District of Wisconsin.

1

## PARTIES

4. Plaintiff is a consumer over-the-age of 18, and a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant is an online retailer of women's products.[1] Defendant is a corporation organized under the laws of the state of Wisconsin, with its principal place of business located at 1251 1st Avenue, Chippewa Falls, Wisconsin 54729-1691.

6. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## BANKRUPTCY CASE

7. Plaintiff purchased personal and household consumer goods from Defendant.

8. Due to financial hardship, Plaintiff fell behind on her scheduled payments to Defendant, thus incurring debt ("subject debt").

9. Thereafter, Plaintiff retained counsel to file for bankruptcy.

10. Plaintiff contacted all of her creditors, including Defendant, and demanded that they stop contacting her, and to contact her bankruptcy attorney instead.

11. On September 7, 2018, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, District of Nevada, Case Number 18-15398-abl ("bankruptcy").

12. Schedules E/F of the bankruptcy petition listed the subject debt, and further listed Defendant as an entity to be provided notice regarding the subject debt.

13. On September 10, 2018, by virtue of Defendant being listed in Plaintiff's bankruptcy, the Bankruptcy Noticing Center ("BNC") served Defendant with notice of Plaintiff's Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines.

---

[1] https://www.kjordan.com/?&mkwid=stFtMTUNT_dc&pcrid=74806018272&pkw=k%20.%20jordan&pmt=e&slid=tFtMTUNT&gclid=EAIaIQobChMIwfbUoqmn3wIVg0ZeCh115AtGEAAYASAAEgKrBPD_BwE

14. On December 3, 2018, the Bankruptcy Court entered an Order of Discharge in Plaintiff's bankruptcy case of all dischargeable debts, including the subject debt.

15. The Order of Discharge expressly stated:

> "This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees."

16. Defendant was served with the Order of Discharge on December 5, 2018.

17. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debt by Defendant.

18. Plaintiff's personal liability on the subject debt was extinguished via her bankruptcy discharge, thus terminating any business and contractual relationship Plaintiff may have had with Defendant or any subsequent owners of the subject debt.

### DEFENDANT'S POST-DISCHARGE COMMUNICATIONS

19. Throughout Plaintiff's entire bankruptcy case, Plaintiff received multiple collection calls to her cellular phone, (702) XXX-6107, in the form of pre-recorded messages from Defendant, attempting to collect upon the subject debt.

20. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6107. Plaintiff is and has always been financially responsible for the cellular phone and its services.

21. Defendant's attempts to collect upon the subject debt occurred both during Plaintiff's active bankruptcy, as well as after the bankruptcy discharge.

22. Defendant has mainly used the phone number (608) 324-9111 when placing phone calls to Plaintiff's cellular phone.

23. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activity.

24. Nonetheless, Defendant placed not less than 20 phone calls using pre-recorded messages to Plaintiff's cellular phone without her consent. Several of Defendant's phone calls were made after the bankruptcy discharge.

25. On at least one occasion, Defendant mailed Plaintiff a collection letter after the bankruptcy discharge.

## DAMAGES

26. Plaintiff suffered from emotional distress due to Defendant's unlawful attempts to collect the discharged subject debt as she was led to believe that her bankruptcy had no legal effect. The phone calls were highly confusing to Plaintiff.

27. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the discharged subject debt.

28. Concerned about the violations of her rights and protections afforded by her bankruptcy discharge, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment

which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31. Defendant used pre-recorded messages in connection with its communications directed towards Plaintiff's cellular phone. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using pre-recorded messages without her consent. Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by her demands to stop contacting her.

32. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, SHEANA IRENE BINETTE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE DISCHARGE INJUNCTION

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

    **a. Section 11 U.S.C. § 524(a)(2)**

35. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

36. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

37. Punitive damages may be awarded for violations of the bankruptcy discharge, and are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." *In re Vazquez*, 221 B.R. 222, 231 (Bankr. N.D. Ill. 1998). Punitive damages of four to ten times the amount of compensatory damages may be appropriate for willful violations of the bankruptcy injunction. *Id.*

38. Defendant violated the discharge injunction by willfully attempting to collect the subject debt with actual notice of Plaintiff's bankruptcy and the discharged status of the subject debt.

39. Plaintiff informed Defendant of her bankruptcy and Defendant was notified of the same by the BNC. Upon discharge of the bankruptcy, Defendant received written notice of the discharge by the BNC.

40. Defendant then attempted to unlawfully collect upon the discharged subject debt, by placing collection calls to Plaintiff's cellular phone.

41. As such, it is clear that no matter what protections Plaintiff sought under the law, Defendant continued with its harassing conduct in a reckless disregard of the same.

42. Defendant should have implemented procedures and trained its employees in order to discourage and also prevent willful and wanton violations of the Bankruptcy Code.

43. Defendant's conduct demonstrates that it has no such system in place to protect the rights of innocent consumers under the protection of the Bankruptcy Code.

44. Based on the broad language of the Bankruptcy Code, Defendant willfully sought to collect a debt from Plaintiff in violation of the discharge injunction, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

WHEREFORE, Plaintiff, SHEANA IRENE BINETTE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Hold Defendant in civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

b. Order Defendant to pay Plaintiff for her actual damages, in an amount, as a result of the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

c. Order Defendant to pay punitive damages, in an amount, for the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

d. Order Defendant to pay Plaintiff her reasonable legal fees and expenses for violations of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105; and

e. Provide such other and further relief as this Honorable Court may deem just and proper;

Dated: April 8, 2019                                         Respectfully submitted,

s/ Nathan C. Volheim                                         s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                             Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                      *Counsel for Plaintiff*
Admitted in the Western District of Wisconsin                Admitted in the Western District of Wisconsin
Sulaiman Law Group, Ltd.                                     Sulaiman Law Group, Ltd.
2500 South Highland Ave, Suite 200                           2500 South Highland Ave, Suite
Lombard, Illinois 60148                                      Lombard, Illinois 60148
(630) 568-3056 (phone)                                       (630) 581-5858 (phone)
(630) 575-8188 (fax)                                         (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                     thatz@sulaimanlaw.com